Pedro ESCOBAR–VAZQUEZ; et al., Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 07–74535.

United States Court of Appeals, Ninth Circuit.

Submitted April 15, 2008.*

Filed April 23, 2008.

Pedro Escobar–Vazquez, pro se.

Karla Arrellano–Del Rio, pro se.

Aaron D. Nelson, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, CAC–District Counsel, Office of The District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, FISHER and PAEZ, Circuit Judges.

MEMORANDUM **

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' motion to reopen.

The motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). The regulations state that a motion to reopen removal proceedings must be filed no later than ninety days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. *See* 8 C.F.R. § 1003.2(c)(2). A review of the administrative record demonstrates that the BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely. Petitioners' final administrative order of removal was entered on January 9, 2003. Petitioners' motion to reopen was filed on September 24, 2007, more than ninety days after the date on which the final order of removal was entered. *See* 8 C.F.R. § 1003.2(c)(2).

Accordingly, respondent's motion for summary disposition is granted in part because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

To the extent that petitioners seek review of the BIA's denial of their request to *sua sponte* reopen proceedings, this court lacks jurisdiction over this petition for review. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002). Accordingly, the petition is dismissed in part.

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**